**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

In Re: Don Karl Juravin

DON KARL JURAVIN and
ANNA JURAVIN,

        Appellants,

v.                                              Case No:   5:24-cv-597-GAP

BELLA COLLINA PROPERTY
OWNERS ASSOCIATION, INC and
DENNIS D. KENNEDY,

        Appellees

## ORDER

This cause came before the Court on Appellee Bella Collina Property Owner's Association, Inc.'s ("BCPOA") Motion to Supplement Vexatious Litigant Injunction (Doc. 45). The Court has also reviewed Appellant Don Karl Juravin's ("Mr. Juravin") Response in Opposition (Doc. 55, filed by counsel), as well as BCPOA's Request for Judicial Notice (Doc. 46) and Supplemental Request for Judicial Notice (Doc. 56).

## I. Background

Mr. Juravin is a vexatious litigant. More than one year ago, this Court entered an Order that officially designated him as such and restricted him from filing additional appeals from his underlying bankruptcy proceeding in 6:18-bk-06821-LVV. *See* 5:23-cv-138-GAP (Doc. 26) (hereinafter, "Prior Order").

Despite the Court's Prior Order (and countless warnings), Mr. Juravin has recently filed a variety of frivolous lawsuits *pro se* throughout the Middle District of Florida, including several that tangentially relate to his bankruptcy proceeding. *See, e.g.*, 8:25-cv-485-TPB-TGW, *Juravin v. Judge Lori V. Vaughan, et al.* (*see also* Doc. 3); 5:24-cv-618-PGB-PRL, *Juravin v. Judge Cary F. Rada, et al.* (*see also* Doc. 50 at 28-29); 6:24-cv-1525-PGB-LHP, *Juravin v. Kelleher*; 6:24-cv-1630-CEM-UAM, *Juravin v. Jones*; 5:25-cv-237-GAP-PRL, *Juravin v. Kelleher*; 6:25-cv-793-PGB-RMN, *Juravin v. Byrd*.

BCPOA now requests for the Court to expand its Prior Order "as broadly as possible" and generally prevent "Mr. Juravin and persons acting in concert with him from initiating any action seeking affirmative relief as a *pro se* party in any federal or state court." Doc. 45. In response, Mr. Juravin argues that BCPOA's request reaches too far and "seemingly has no boundary." Doc. 55.

## II. Legal Standard

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to

## I. Background

Mr. Juravin is a vexatious litigant. More than one year ago, this Court entered an Order that officially designated him as such and restricted him from filing additional appeals from his underlying bankruptcy proceeding in 6:18-bk-06821-LVV. *See* 5:23-cv-138-GAP (Doc. 26) (hereinafter, "Prior Order").

Despite the Court's Prior Order (and countless warnings), Mr. Juravin has recently filed a variety of frivolous lawsuits *pro se* throughout the Middle District of Florida, including several that tangentially relate to his bankruptcy proceeding. *See, e.g.*, 8:25-cv-485-TPB-TGW, *Juravin v. Judge Lori V. Vaughan, et al.* (*see also* Doc. 3); 5:24-cv-618-PGB-PRL, *Juravin v. Judge Cary F. Rada, et al.* (*see also* Doc. 50 at 28-29); 6:24-cv-1525-PGB-LHP, *Juravin v. Kelleher*; 6:24-cv-1630-CEM-UAM, *Juravin v. Jones*; 5:25-cv-237-GAP-PRL, *Juravin v. Kelleher*; 6:25-cv-793-PGB-RMN, *Juravin v. Byrd*.

BCPOA now requests for the Court to expand its Prior Order "as broadly as possible" and generally prevent "Mr. Juravin and persons acting in concert with him from initiating any action seeking affirmative relief as a *pro se* party in any federal or state court." Doc. 45. In response, Mr. Juravin argues that BCPOA's request reaches too far and "seemingly has no boundary." Doc. 55.

## II. Legal Standard

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to

carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc); *accord Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993). Indeed, the court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074.

When enjoining a vexatious litigant, a court "must carefully observe the fine line between legitimate restraints and an impermissible restriction on a [litigant's] constitutional right of access to the courts." *Id.* at 1072. However, the only restriction that the Eleventh Circuit "has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be completely foreclosed from *any* access to the court." *Martin-Trigona*, 986 F.2d at 1387.

### III. Analysis

BCPOA's Motion is due to be granted in part and denied in part. Mr. Juravin's abusive litigation practices have wasted time and diminished the Court's already limited resources. *See In re McDonald,* 489 U.S. 180, 184 (1989). Previously, Mr. Juravin's burdensome tactics were largely deployed through his frequent bankruptcy appeals; however, Mr. Juravin is now initiating frivolous civil lawsuits against various individuals and entities with which he has grievances. Consequently, a broader injunction is necessary to protect the court's ability to carry out its functions and to prevent Mr. Juravin from draining its resources. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002).

That being said, BCPOA's requested injunction goes too far. To avoid imposing an overbroad injunction, the Court looks to *In re: Vexatious Litigants in the Orlando Division*, 6:23-mc-03-RBD.

Pursuant to the Court's inherent power, Mr. Juravin is hereby restricted from filing a pleading to open a new case *pro se* in any division of this court.[1] Any further pleading filed by Mr. Juravin in the Middle District of Florida will be assigned to and reviewed by the undersigned and the senior magistrate judge in the division where the case is filed.

If Mr. Juravin files additional cases in the Middle District of Florida *pro se*, the magistrate judge assigned to the case shall review Mr. Juravin's pleading and consider whether the Court has subject matter jurisdiction, whether the pleading violates this Order, is frivolous pursuant to 28 U.S.C. §§ 1915 and 1915A, and any other appropriate matter within the magistrate judge's discretion. Any decision by the magistrate judge to dismiss the case or otherwise disallow the pleading shall be made by report and recommendation to the undersigned.

**IV.  Conclusion**

Accordingly, it is hereby **ORDERED** that:

---

[1] Although BCPOA's Motion seeks to prevent Mr. Juravin from initiating *pro se* state court actions as well, this Court is not inclined to inject itself into the administration of justice in the state courts of Florida.

1. Bella Collina Property Owner's Association, Inc.'s Motion to Supplement Vexatious Litigant Injunction (Doc. 45) is **GRANTED in part and DENIED in part.**

2. The Motion is **GRANTED** to the extent that Mr. Juravin is restricted from filing a pleading to open a new case *pro se* in any division of this Court. Any further pleading filed by Mr. Juravin in the Middle District of Florida will be assigned to and reviewed by the undersigned and the senior magistrate judge in the division where the case is filed.

3. If Mr. Juravin files additional cases in the Middle District of Florida *pro se*, the magistrate judge assigned to the case shall review Mr. Juravin's pleading and consider whether the Court has subject matter jurisdiction, whether the pleading violates this Order, is frivolous pursuant to 28 U.S.C. §§ 1915 and 1915A, and any other appropriate matter within their discretion. Any decision by the magistrate judge to dismiss the case or otherwise disallow the pleading shall be made by report and recommendation.

4. In all other respects, the Motion is **DENIED**.

5. The Clerk is directed to docket a copy of this Order in the following cases:

    a. 5:24-cv-618-PGB-PRL, *Juravin v. Judge Cary F. Rada, et al.*

    b. 5:25-cv-237-GAP-PRL, *Juravin v. Kelleher*;

    c. 6:24-cv-1630-CEM-UAM, *Juravin v. Jones*; and

    d. 6:25-cv-793-PGB-RMN, *Juravin v. Byrd*.

6. The Clerk is directed to send a copy of this Order to the Administrative Judge of each division of the Middle District of Florida.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 5, 2025.



                                GREGORY A. PRESNELL
                              UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party